IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIANO KRUEL BUDRI,       § | |
| Plaintiff,       § | |
| vs.       § | Civil Action No. 3:19-CV-0409-N-BH |
| § | |
| FIRSTFLEET INC., et. al,       § | |
| Defendants.       § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the *Defendants' Motion for Rule 11 Sanctions and Brief of Law in Support Thereof*, filed April 3, 2019 (doc. 29). Based on the relevant filings and applicable law, the motion should be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

This case involves a dispute arising out of multiple claims for alleged employment violations that occurred during and after the plaintiff's employment term.

Adriano Kruel Budri (Plaintiff) was formerly employed by FirstFleet, Inc. (Employer) as a non-exempt, full-time commercial truck driver from January 25, 2017 until February 21, 2017. (doc. 57 at 4, 9.)[2] He claims he was "illegally enticed and induced . . . to violate Texas Public Policy and commercial motor safety regulations" during the majority of his employment term. (*Id*. at 6.) He also was allegedly "not properly compensated weekly for" the amount of hours he worked during his employment, including overtime. (*Id*. at 11-12.) The events leading up to his allegedly "wrongful and retaliatory discharge occurred on February 17, 2017," when Daniel Matthew Humphreys (Supervisor) instructed Plaintiff to park his commercial truck "in front of [a] shipper's

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

location for a partial flat tire repair," but he refused because the location was not safe and it was "completely illegal to park any vehicle, at any time[,] in that area under the Texas Transportation Code." (*Id*. at 7.)  On February 21, 2017, Plaintiff notified Supervisor that he had contacted Employer's safety director "to raise some safety issues," and five hours later Supervisor informed Plaintiff of his termination. (*Id*. at 8.)  Plaintiff subsequently filed an internal appeal letter in accordance with Employer's company policy, but he did not receive a response from David R. Beeny (Vice President), regarding a decision on his termination. (*Id*. at 16.)

On June 12, 2017, Plaintiff received a copy of an employment reference, prepared by Laurie Brooks (Recruiter), that was sent to a private consumer reporting agency specializing in trucking employment references. (*Id*. at 12-13.)  According to him, this reference was illegal and fraudulent because it contained "negative, disparaging, and unfavorable information towards Plaintiff." (*Id*. at 13.)  He also claims that Employer created a forged electronic signature using Docusign software, and that it was used to make "multiple copies and pastes in electronic employment document forms . . . including in one W4-IRS [f]orm forged for the fiscal year of 2016." (*Id*. at 19-20.)

Since being terminated, Plaintiff has pursued multiple claims against Employer, Supervisor, Vice President, and Recruiter (collectively, Defendants) in federal and state courts, and in front of administrative agencies. (*See* doc. 29-1.)[3]

On March 20, 2017, Plaintiff filed a complaint with the United States Department of Labor's (DOL) Occupational Safety and Health Administration (OSHA) alleging that Employer violated the Surface Transportation Assistance Act (STAA) "when it terminated his employment in retaliation

---

[3] Defendants point out that Plaintiff has also filed grievances against their attorneys with the state bar, as well as grievances against a Texas state judge, Administrative Law Judge (ALJ), and court reporter that were apparently involved in his multiple actions. (*See* docs. 29 at 2; 29-1 at 42-61.)

for raising safety concerns." *See Budri v. Firstfleet, Inc.*, No. 18-025, 2018 WL 6978226, at *1 (U.S. Dep't of Labor Admin. Rev. Bd. June 19, 2018). After reviewing his complaint, an Administrative Law Judge (ALJ) dismissed his claim, and the ALJ's decision was affirmed by the DOL's Administrative Review Board (ARB) and then the Fifth Circuit. *Id.*; *see Budri v. Admin. Review Bd., United States Dep't of Labor*, 764 F. App'x 431, 431 (5th Cir. 2019) (per curiam).

Also in 2017, Plaintiff filed two state actions in justice court against Employer, one of which was successfully removed to a federal district court in this district.[4] *See Budri v. FirstFleet, Inc.*, No. 3:17-CV-2945-C-BN (N.D. Tex. Nov. 15, 2017). In the removed action, Plaintiff appears to have asserted similar claims to the ones in this case, and he filed a "barrage of motions" as well objections to court orders, forcing the court to enter an order to address his multiple motions and "advise [him] of certain expectations for parties . . . prosecuting or defending actions in" federal court. (*See* doc. 29-1 at 29-30.) It expressly cautioned Plaintiff that he was expected to prosecute his case "in a manner that [did] not unduly burden the [c]ourt," and specifically warned him that if he continued his "burdensome behavior," he would be subject to sanctions, including dismissal of his action. (*Id.* at 33.) He then moved to dismiss his claims, and the case was dismissed without prejudice. (*Id.* at 36.) Plaintiff also filed an action against Supervisor in 2017 under the Texas Citizens Participation Act in County Court at Law No. 1 of Tarrant County, which dismissed the case with prejudice based on Supervisor's motion to dismiss and ordered Plaintiff to pay $6,815 in

---

[4] Defendants attempted to remove the second state action to federal court based on supplemental jurisdiction, but it was *sua sponte* remanded back to state court. *See Budri v. FirstFleet, Inc.*, No. 3:17-CV-3241-C-BN, 2017 WL 6506469, at *1 (N.D. Tex. Nov. 30, 2017), *adopted by* 2017 WL 6513688 (N.D. Tex. Dec. 19, 2017). The state court eventually dismissed that action without prejudice. (doc. 29-1 at 38.)

reasonable attorneys' fees. (*See id.* at 40.)[5]

On January 23, 2018, Plaintiff filed another complaint with OSHA alleging violations of the STAA based on the allegedly illegal and fraudulent employment reference he received on June 12, 2017. (doc. 29-1 at 18.) An ALJ reviewed his claim and determined that his claim was subject to dismissal as untimely because it was not filed within 180 days from the time he discovered the alleged violation. (*Id.* at 19-23.) DOL's ARB eventually affirmed the ALJ's decision, but subsequently entered an order vacating its final decision and dismissing Plaintiff's complaint for lack of jurisdiction because it received notice that Plaintiff had filed his action in this Court before it had entered its final decision. *See Budri v. Firstfleet, Inc.*, No. 2018-0055, 2019 WL 3780911, at *1 (U.S. Dep't of Labor Admin. Rev. Bd. July 30, 2019).

On March 26, 2018, Plaintiff filed a complaint with the Wage Division of the DOL asserting violations of the Fair Labor Standards Act (FLSA) because he "was not properly compensated weekly" for the hours he worked, including overtime. (doc. 57 at 11-12.)[6] He then filed a complaint in the Justice Court, Precinct 1, of Dallas County, regarding allegedly unpaid overtime wages under the FLSA. (doc. 29-1 at 64.) On February 4, 2019, the justice court held a trial and determined that Plaintiff failed to prove that he was entitled to recover damages under the FLSA. (*Id.*)

At some point, Plaintiff sent an email to Defendants' counsel, noting that they had asked him many times to hire a good attorney, but he was unable to find one "due to the different lawsuits that

---

[5] Plaintiff appealed the county court's decision to the Court of Appeals for the Second District of Texas, where he proceeded to file multiple motions for the court to take judicial notice, and that court expressly warned Plaintiff that his appeal could be subject to involuntary dismissal and sanctions if he continued to file such motions. (*See* doc. 29-1 at 83-84.) That court subsequently affirmed the county court's dismissal of his claims. *Budri v. Humphreys*, No. 02-18-00070-CV, 2018 WL 3763920 (Tex. App.—Fort Worth Aug. 9, 2018, pet. filed).

[6] What occurred after he filed his complaint with the DOL is unclear. (*See* doc. 57 at 11-12.)

[he had] filed . . . in different courts." (*Id*. at 66.) He also stated that he had "been the most 'pain in the neck' opposed litigant" that his employer's counsel had encountered in his entire career, and that he was continuing to be a "pain in the neck," and that he was "doing what [he could] do" as a *pro se* party. (*Id*.) He then stated that he believed Defendants' counsel would provide any help needed to "finish this litigation with [him] and not because the financial value, but because of the 'pain in the neck' litigator that [he had] been almost for one year." (*Id*.) He concluded that due to the amount of time that he had already spent pursuing his actions, he could "continue to file again and again in various other subject matters," and that Defendants' attorney knew he could. (*Id*.)

On February 19, 2019, Plaintiff filed this action against Defendants based on the alleged wrongful and retaliatory discharge, illegal and fraudulent employment reference, forged electronic signature, and failure to pay him for the time he worked. (*See* doc. 3.) He filed his first amended complaint on February 25, 2019, and then subsequently filed his second, third, fourth, and fifth amended complaints without leave or the consent of the opposing parties. (docs. 7-11; *see* doc. 14.) On March 11, 2019, Defendants moved to dismiss Plaintiff's first amended complaint and to strike his other amended complaints. (doc. 15.)[7]

On March 12, 2019, Defendants served a copy of their motion for sanctions on Plaintiff and informed him that the motion would be filed if he did not voluntarily dismiss this action. (docs. 29 at 10; 29-1 at 71.) Rather than voluntarily dismiss this action, Plaintiff filed a motion requesting leave to file his sixth amended complaint on March 15, 2019. (doc. 22.) As a result, Defendants filed their motion for sanctions under Rule 11 on April 3, 2019. (doc. 29.) In response, Plaintiff filed a motion to strike their motion on April 8, 2019, and he subsequently filed a supplemental

---

[7] It has now been recommended that the motion to dismiss be granted. (*See* doc. 108.)

motion to strike on April 11, 2019. (docs. 36; 39.) Also on April 11, 2019, Plaintiff filed a "Motion for Clarification," and then he filed two separate motions to "Leave Other Paper," on May 22, 2019 and May 23, 2019. (docs. 38; 54-55.)

On May 23, 2019, the Court issued an order granting Plaintiff's motion for leave to amend, deeming Defendants' motion to dismiss moot, and denying Plaintiff's remaining motions as moot. (doc. 56.) Defendants' motion for sanctions remained pending. (*See id*.; doc. 29.) Plaintiff was ordered to file one final amended complaint setting forth all of the claims he sought to assert in this action, and instructed that he would not be granted the opportunity to amend his final amended complaint. (doc. 56 at 5-6.) He was expressly instructed that he must not file any additional motions that could be construed as seeking to amend or supplement any of his prior complaints or his final amended complaint, and specifically warned that if he failed to follow the order, his non-compliant motions would be unfiled, and he would be subject to sanctions. (*Id*. at 6.)

On June 8, 2019, Plaintiff filed his final amended complaint in this action, asserting claims for wrongful and retaliatory discharge under the STAA and state law; violations of the FLSA, Fair Credit Reporting Act (FCRA), Driver's Privacy Protection Act (DPPA), Computer Fraud and Abuse Act (CFAA), Electronic Communications Privacy Act (ECPA), and Stored Communications Act (SCA); and under state law for fraud, intentional interference with contractual obligations, corporate wrongdoing, breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and civil conspiracy. (doc. 57 at 6-22.)

On June 28, 2019, Defendants moved to dismiss Plaintiff's claims in his final amended complaint. (docs. 60-63; 65.) Since Defendants filed their motion to dismiss, Plaintiff has filed 14 motions and 9 notices in violation of the Court's prior orders. (*See* docs. 67; 69; 71; 72; 76-83; 87-

90; 93-99.) On September 4, 2019, the Court entered an order unfiling the offending motions and notices, ordering the parties to refrain from filing any further documents, and again warning Plaintiff that he would be subject to sanctions should he disobey the Court's order. (doc. 101.)

Defendants seek sanctions in the form of dismissal of all of Plaintiff's claims with prejudice, a fine of $1,000 for each of the four Defendants, a bar to "prohibit Plaintiff from filing any new action in this Court until paying the fine and obtaining leave to file an action," and an injunction to prevent Plaintiff from suing Defendants as well as their employees and agents. (*Id*. at 7-8.) Alternatively, they request sanctions in the form of a reprimand and warning "that future litigation against Defendants (or any of their employees or agents) may result in the imposition of more severe sanctions . . . ." (*Id*. at 8.) They also seek recovery of "their costs and reasonable attorney's fees incurred in the defense of this lawsuit . . . ." (*Id*.) Plaintiff's motion to strike and supplemental motion to strike Defendants' motion are liberally construed as his response. (*See* docs. 36; 39.)

## II. MOTION FOR SANCTIONS

Defendants move for sanctions against Plaintiff under Rule 11 because he continues to file frivolous claims against them based on the same operative facts. (doc. 29 at 1.) They assert that this "lawsuit's purpose is to needlessly harass all Defendants" in order to extort a generous settlement. (*Id*. at 4.)

**A.**     **Rule 11**

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for

7

changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Zuffante v. Stephens*, No. 3:13-CV-1146-B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir. 1986), and even dismissal, *Bell v. Dunn, Johnston & Brown*, No. 3:10-CV-1-M-BH, 2011 WL 759473, at *3 (N.D. Tex. Feb. 7, 2011) (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)), *adopted by* 2011 WL 726114 (N.D. Tex. Mar. 1, 2011). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and must describe the specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* This requirement is strictly construed and substantial compliance is insufficient. *Morris v. Thaler*,

No. 3:12-CV-4916-N, 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011)). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Pratt*, 524 F.3d at 586-88 (noting courts "have continually held that strict compliance with Rule 11 is mandatory"). A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins*, 202 F.3d at 788. The movant has the burden to show compliance with the safe harbor provision. *See id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Morris*, 2013 WL 2383652, at *2.

**B.    Propriety of Sanctions**

Defendants request sanctions against Plaintiff based on his email stating that he would continue to file lawsuits against them, his continued assertion of claims that were dismissed in prior actions or that are not recognized causes of action, and the fact that he already owes attorneys' fees from his prior state court action against Supervisor. (doc. 29 at 4-6.)[8] They seek dismissal of all of Plaintiff's claims with prejudice, a fine of $1,000 for each Defendant, a bar to prevent Plaintiff from pursuing claims against them in federal court before he pays the fine and obtains leave of court, and injunctive relief to prevent him from suing Defendants, their employees, and agents. (*See* doc. 29 at 7-8.) They alternatively ask that Plaintiff be reprimanded "and warned that future litigation against [them] (or any of their employees or agents) may result in the imposition of more severe sanctions . . . ." (*Id.* at 8.)

---

[8] Defendants formally served a copy of their motion for sanctions on Plaintiff on March 12, 2019, and later filed a substantially identical copy of their motion on April 3, 2019. (*See* docs. 29; 29-1 at 71.) They have met their burden to show compliance with the safe harbor provision under Rule 11.

9

Rule 11 sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza*, 989 F.2d at 195–97; *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448 (N.D. Tex. 1997) (citations omitted). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. As noted, courts may impose monetary and injunctive sanctions, and may even dismiss an action as a sanction. *See Farguson*, 808 F.2d at 359–60 (5th Cir. 1986); *Bell*, 2011 WL 759473, at *3 (citing *Jimenez*, 321 F.3d at 657). "[I]njunctions against filing future lawsuits without a prior warning are strongly disfavored," however. *McCampbell*, 982 F. Supp. at 449 (citing *Mendoza*, 989 F.2d at 195; *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988)).

Defendants rely on *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 WL 2710665 (N.D. Tex. June 24, 2015), in support of their request for the imposition of severe sanctions on Plaintiff. (doc. 29 at 7.) In *Florance*, the plaintiff had filed "twenty-seven appellate cases, eighteen trial cases, and two prior actions in" front of that court, and the court *sua sponte* determined that his "repeated attempts to re-litigate prior cases suggest[ed] that he filed [the] action to harass the defendants in violation of Rule 11(b)(1). *Florance*, 2010 WL 2710665, at *3 (citation omitted). The plaintiff's action was ultimately dismissed with prejudice, and he was assessed a fine of $100 per defendant, prohibited from filing any new action with the court until he paid the sanction and obtained leave to file, and enjoined from pursuing any future causes of action arising from the same fact situation at issue in the lawsuit. *Id.* at *4.

Here, Plaintiff has pursued his multiple claims against Defendants in federal and state court, and in administrative proceedings. (*See* doc. 29-1.) He has filed two federal lawsuits, including this case and one removed from state court that was voluntarily dismissed on his own motion; three state

10

court lawsuits, one of which was dismissed without prejudice; and two administrative actions, one of which was eventually dismissed without prejudice for lack of jurisdiction based on Plaintiff's filing of this action. (*See id*. at 4-13, 18-23, 29-36, 28, 40, 64.) He also appears to have expressly notified Defendants that because he had already spent a lot of time asserting his claims, he was willing "to continue to file again and again in various other subject matters" actions against them and be a "pain in the neck" litigant. (*Id*. at 66.) Additionally, he has filed *at least* 30 motions in this case as well as multiple notices and statements, forcing the Court to expressly warn him about his behavior on two separate occasions. (*See* docs. 56; 101.) His repeated attempts to re-litigate his claims, threat to continue pursuing litigation against Defendants, and litigation tactics in this case suggest that he filed it to harass Defendants in violation of Rule 11(b)(1). *See Bryant v. Plains Nat'l Bank of Lubbock, Tex.*, No. 5:05-CV-034-J, 2005 WL 1704946, at *3 (N.D. Tex. July 19, 2005) ("Repeatedly suing the same parties over and over, asserting the same factual claims and legal causes of action, after and in spite of the entry of multiple adverse final judgments ... is harassment and a gross abuse of the judicial process."); *Taylor v. Boyle*, No. Civ.A. 3:01CV1498-L, 2001 WL 1114137, at *2 (N.D. Tex. Sept. 6, 2001) (finding that "harassing and vexatious conduct" included threats to continue abuse litigation tactics).

It also appears that Plaintiff has violated Rule 11(b)(2) by asserting legal contentions that are not warranted by existing law or by a non-frivolous argument for relief despite the current state of the law. He continues to assert the same or similar claims that have previously been found to be without merit in his prior actions against some of the same Defendants. (*See* doc. 29-1 at 4-13, 40, 64.) His wrongful and retaliatory discharge claims have been unsuccessful, as have his claims against Supervisor and under the FLSA. (*Id*.) Here, he again alleges those claims as well as

11

additional claims, and all of his claims are based on the same operative facts as his previous federal, state, and administrative actions. (*See id.*; doc. 57.) All of his claims in this action have been thoroughly addressed based on Defendants' motion to dismiss Plaintiff's final amended complaint, and they have now been determined to be subject to dismissal. (*See* docs. 60; 108.)

Plaintiff has engaged in sanctionable conduct by filing this action for purposes of harassment and knowingly making or reasserting frivolous legal contentions or claims that lack merit, and sanctions are appropriate. His conduct does not rise to the level of that in *Florance*, however. *See* 2010 WL 2710665, at *4. In *Florance*, the court specifically noted that the plaintiff had previously been sanctioned by several courts with "warnings, attorneys fees, filing restrictions, and significant monetary fines," but he had not been deterred from continuing his litigation abuse. *Id.* Here, Plaintiff appears to only have been warned about his burdensome filing of multiple motions and other documents in his two federal cases as well as in the state appellate court, and he has been assessed attorney's fees by the state county court. (docs. 29-1 at 29-36, 83-84; 56; 101.) For this reason, monetary or injunctive sanctions, or a bar to filing suit without seeking leave of court is not yet warranted. He should, however, receive "[a] formal reprimand and stern warning," that any future litigation against Defendants or any of their agents or employees arising out of the same facts underlying this case will result in the imposition of more severe sanctions.[9] *See McCampbell*, 982 F. Supp. at 449 (finding that it was unnecessary to impose "monetary sanctions and injunctive relief" against the plaintiff, and that less severe sanctions in the form of a reprimand and warning were sufficient); *see also Mustapha v. HSBC Bank, USA*, No. 4:12-CV-01924, 2013 WL 632856, at *7

---

[9] As noted, Defendants also seek dismissal of Plaintiff's claims with prejudice as a sanction. (doc. 29 at 7.) While Plaintiff's conduct does not appear to rise to the level of severity to require dismissal with prejudice of all of his claims, it is unnecessary to reach this request because all of Plaintiff's claims are subject to dismissal based on Defendants' motion to dismiss. (*See* docs. 60; 108.)

(S.D. Tex. Feb. 20, 2013) (finding that although the plaintiffs "filed numerous lawsuits repeatedly asserting claims that they should know have already been resolved against them by both federal and state courts," a warning regarding filing similar claims in the future was all that was necessary). Such sanctions may include a monetary fine, injunctive sanctions, and/or an order barring him from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See McCampbell*, 982 F. Supp. at 449; *see also Taylor*, 2011 WL 1114137, at *2–3 (prohibiting the plaintiff from filing additional complaints without first obtaining leave of court).[10]

### III. RECOMMENDATION

Defendants' motion should be **GRANTED in part** and **DENIED in part**. Plaintiff should be reprimanded and strongly warned that future litigation against Defendants or any of their agents or employees arising out of the same facts underlying this case will result in the imposition of more severe sanctions, which may include monetary and injunctive sanctions, and/or an additional bar preventing Plaintiff from filing any civil action in federal court without obtaining prior judicial authorization.

**SO RECOMMENDED** on this 20th day of September, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[10] Defendants also request an award of "their costs and reasonable attorney's fees incurred in the defense of this lawsuit . . . ." (doc. 29 at 8.) Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Attorney's fees are not an appropriate sanction in this case, however, because "the purpose of Rule 11 sanctions is deterrence not compensation," and "[t]he formal reprimand and stern warning given to [P]laintiff should be sufficient to advance the purposes" of the rule. *McCampbell*, 982 F. Supp. at 449 n.6 (citing Fed. R. Civ. P. 11 (advisory committee notes)).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE