IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIANO KRUEL BUDRI, § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:19-CV-0409-E-BH |
| § | |
| FIRSTFLEET INC., et. al, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for New Trial; Altering or Amending a Judgment under the Rule 59*, filed November 13, 2019 (doc. 154). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

### I. BACKGROUND

On February 19, 2019, Adriano Kruel Budri (Plaintiff) filed this action against FirstFleet, Inc. (Employer), David R. Beeny (Vice President), Daniel Matthew Humphreys (Supervisor), and Laurie Brooks (Recruiter) (collectively, Defendants). (doc. 3.) Plaintiff was employed by Employer as a non-exempt, full-time commercial truck driver from January 25, 2017, until February 21, 2017. (doc. 57 at 4, 9.)[1] He was allegedly terminated for refusing Supervisor's demands to violate "the Texas Public Policy and commercial motor safety regulations," and for reporting his demands to Employer's safety director. (*Id*. at 6.) On March 20, 2017, Plaintiff filed a complaint with the United States Department of Labor's (DOL) Occupational Safety and Health Administration (OSHA), alleging that Employer violated the Surface Transportation Assistance Act (STAA) "when it terminated his employment in retaliation for raising safety concerns." *See Budri v. Firstfleet, Inc.*, No. 18-025, 2018 WL 6978226, at *1 (U.S. Dep't of Labor Admin. Rev. Bd. June 19, 2018). His

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

claim was dismissed by an Administrative Law Judge (ALJ), and the dismissal was summarily affirmed by DOL's Administrative Review Board (ARB). *See id*. Plaintiff then appealed the decision to the Fifth Circuit. *Budri v. Admin. Review Bd., United States Dep't of Labor*, 764 F. App'x 431 (5th Cir. 2019) (per curiam). The Fifth Circuit agreed with the ARB's decision and denied his petition for review. *Id.* at 433. The United States Supreme Court later denied his subsequent petition for writ of certiorari. *See Budri v. Dep't of Labor, Admin. Review Bd.*, 140 S. Ct. 386, 205 L. Ed. 2d 218 (2019).

On June 12, 2017, Recruiter allegedly prepared an illegal and fraudulent employment reference that was sent to a private consumer reporting agency specializing in trucking employment references. (doc. 57 at 12-13.) Additionally, Employer created a forged electronic signature and used his forged signature to sign multiple "electronic employment document forms." (*Id*. at 19-20.) Employer also maintained a "derogatory account of Plaintiff based on its own fraudulent, forged acknowledgment form, consent form, and receipt of employee handbook" as part of a conspiracy to prevent him from pursuing positions with competing trucking companies. (*Id*. at 13.) Plaintiff filed a complaint with OSHA under the STAA regarding the allegedly illegal and fraudulent employment reference he received on June 12, 2017, but his complaint was ultimately dismissed by the ARB for lack of jurisdiction. *See Budri v. Firstfleet, Inc.*, No. 2018-0055, 2019 WL 3780911, at *1 (U.S. Dep't of Labor Admin. Rev. Bd. July 30, 2019).

Plaintiff was also not paid overtime wages during his time working for Employer in violation of the Fair Labor Standards Act (FLSA). (*See* doc. 57 at 11-12.) He filed an FLSA complaint with the Wage Division of the DOL, but the status of that complaint is unclear. (*Id.*) He also filed a similar complaint in the Justice Court, Precinct 1, of Dallas County. (*See* doc. 62-1 at 4.) The justice

2

court held a trial and determined that Plaintiff failed to prove that he was entitled to recover damages under the FLSA. (*Id*. at 10.)

On June 8, 2019, Plaintiff filed his final amended complaint, asserting claims for wrongful and retaliatory discharge under the STAA and state law; violations of the FLSA, Fair Credit Reporting Act (FCRA), Driver's Privacy Protection Act (DPPA), Computer Fraud and Abuse Act (CFAA), Electronic Communications Privacy Act (ECPA), and Stored Communications Act (SCA); and fraud, intentional interference with contractual obligations, corporate wrongdoing, breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and civil conspiracy under state law.  (doc. 57 at 6-22.)  He alleged that he suffered repeated and willful retaliation for his "refusal to violate the Texas Common Law for Public Policy, as well as Federal and State Commercial Motor Vehicle Safety Regulations." (*Id*. at 2, 5.) He also claimed Defendants "committed corporate wrongdoing along with reckless indifference" under the instruction and supervision of Vice President, provided fraudulent information to a private consumer reporting agency about him through Recruiter, fabricated fraudulent documents using his forged signature, and failed to pay him his overtime wages he is "due and owing." (*Id*. at 2-3, 5.)  He alleged that Supervisor's failure to provide him with a copy of the employee handbook was an intentional interference with contractual provisions because company policy required that he provide him with the handbook on his first day, and that Supervisor "committed breach of contract, breach of fiduciary duty, and breach of the duty of good faith and fair dealing when he declined to ensure" that Plaintiff received the employee handbook on his first day of employment. (*Id*. at 13, 15-17.) He also alleged that Supervisor breached his fiduciary duty when he failed to comply with a provision in the employee handbook requiring Employer to provide roadside assistance to its drivers. (*Id*. at 18-19.)

On June 28, 2019, Defendants moved to dismiss Plaintiff's claims for lack of subject-matter jurisdiction and failure to state a claim, Plaintiff responded on June 30, 2019, and Defendants replied on July 1, 2019. (docs. 60-63; 65.) On September 20, 2019, the magistrate judge recommended that the motion be granted, and that Plaintiff's claims under the STAA be dismissed without prejudice for lack of subject-matter jurisdiction, any claim asserted under the cat's paw theory of liability be *sua sponte* dismissed with prejudice for failure to state a claim, and all of his remaining claims be dismissed with prejudice for failure to state a claim. (*See* doc. 108 at 46.) Over Plaintiff's objections, the recommendation was adopted, and Plaintiff's claims were dismissed by judgment dated October 29, 2019. (*See* docs. 120, 122-25, 137, 139.)

On November 13, 2019, Plaintiff filed a motion seeking to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. (*See* doc. 154.) Defendant responded on December 3, 2019, and Plaintiff replied on December 5, 2019. (*See* docs. 156, 159.) The motion is now ripe for consideration.

## II.  RULE 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  When considering a motion to reconsider based on an alleged discovery of new evidence, a court may grant such a motion only if the moving

party establishes "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (citation and quotations omitted). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. Ultimately, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

  Here, Plaintiff alleges that there are "substantial facts [ ] that indicate the existence of [ ] genuine issues for trial and new grounds for relief in some claims." (*See* doc. 154 at 4.) He initially seeks reconsideration of the merits of his FCRA, fraud, and breach of fiduciary duty claims based on "material evidence" in the record "showing prima facie that the defendants have committed corporate wrongdoing and fraud against [him]." (*Id.* at 4, 14) He is essentially rehashing evidence, legal theories, or arguments that he raised before the entry of judgment, and does not identify an intervening change in controlling law, point out the availability of new evidence not previously available, or identify a manifest error of law or fact as to these claims. While he cites, for the first time, various federal and Texas statutes, including 15 U.S.C. §§ 1681n, 1681o and Texas Transportation Code §§ 545.301-.304, he does not explain how these laws apply in the context of his motion to reconsider in this case or why he was unable to assert claims based on these laws before judgment was entered. (*See id.* at 16-19.) Rule 59 motions "cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Plaintiff argues that his state law claim for wrongful and retaliatory discharge under the *Sabine Pilot* doctrine[2] was not barred by the doctrine of collateral estoppel and subject to dismissal because it was not "fatally intermixed" with his STAA claim. (*See* doc. 154 at 4-14.) Although he claims that he "has demonstrated additional findings [ ] to justify a statement of th[is] claim," he fails to present findings or arguments that were not previously asserted in his objections to the recommended dismissal of his final amended complaint. (*See id.* at 14; doc. 120 at 12-13.) Because he essentially rehashes the evidence, legal theories, or arguments that were raised before the entry of judgment, he fails to identify any manifest error of law on this basis. *See Mesquiti v. Gallegos*, C.A. No. C-09-136, 2010 WL 2928168, at *2 (S.D. Tex. June 23, 2010) (citation omitted) ("[A] Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court.").

Plaintiff lastly argues that there are post-trial factual issues with new grounds for relief. (doc. 154 at 4, 14-16.) He alleges that a major customer of Employer had conducted "an impartial and independent corporation investigation" and concluded that he was not "banned" from delivering load assignments in any of its facilities. (*Id.* at 15.) He claims he reported this investigation to Employer, but Defendants "continued to conspire against [him]." (*Id.*) Plaintiff does not allege that this evidence constitutes "new evidence not previously available," nor that he was unable to procure this evidence through proper diligence. *See Ferraro*, 796 F.3d at 534; *see also Johnson v. Offshore Exp., Inc.*, 845 F.2d 1347, 1358 (5th Cir. 1988) (holding that newly discovered evidence "must be

---

[2]This doctrine takes its name from the Texas Supreme Court case of *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

6

evidence of facts existing at the time of the original trial"); *see, e.g., Ayala v. Ledezma*, Civ. Action No. 3:13-CV-703-O, 2014 WL 11456584, at *1 (N.D. Tex. Aug. 15, 2014) ("Evidence does not amount to 'newly discovered evidence' under Rule 59(e) where a plaintiff could have pursued discovery earlier by proper diligence or asked the court for additional time but did not."). The Fifth Circuit has consistently held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479; *see ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006) (affirming denial of a Rule 59(e) motion where "new" evidence was "plainly available or easily discovered before summary judgment"); *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 734 (5th Cir. 2008) (denying Rule 59(e) relief without considering the effect of the newly discovered evidence because movant "completely failed to demonstrate why he could not have pursued this "critical" discovery earlier in the litigation by proper diligence"). Because Plaintiff has not presented newly discovered evidence that could not have been discovered previously, he is not entitled to reconsideration on this basis.

In conclusion, because Plaintiff fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment identify any manifest error of law or fact, he has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III. CONCLUSION

Plaintiff's motion to alter or amend the judgment under Rule 59(e) is **DENIED**.

**SO ORDERED**, on this 3rd day of December, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE